IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| GLORIA BIRCHMORE,<br><br>Plaintiff,<br><br>-against-<br><br>ASSOCIATES ASSET RECOVERY, LLC, WESTLAKE PORTFOLIO MANAGEMENT, LLC and PATRICK K. WILLIS COMPANY, INC. d/b/a AMERICAN RECOVERY SERVICES a/k/a SKIPBUSTERS,<br><br>Defendants. | Civil Case Number: 3:25-cv-03123-MGL<br><br>CIVIL ACTION<br>COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL |

Plaintiff GLORIA BIRCHMORE (hereinafter, "Plaintiff"), a South Carolina resident, brings this Complaint by and through the undersigned attorneys against Defendant ASSOCIATES ASSET RECOVERY, LLC, Defendant WESTLAKE PORTFOLIO MANAGEMENT, LLC and Defendant PATRICK K. WILLIS COMPANY, INC. d/b/a AMERICAN RECOVERY SERVICES a/k/a SKIPBUSTERS (hereinafter "Defendants").

**JURISDICTION AND VENUE**

1.  The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**NATURE OF THE ACTION**

3.  Plaintiff brings this action after the Defendants illegally repossessed her vehicle even though they did not have an enforceable security interest in her vehicle, thereby violating

1

South Carolina law.  Plaintiff also brings a claim against Associates Asset Recovery, LLC, and American Recovery Service for the illegal repossession of her vehicle in violation of the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692.  Finally, the Plaintiff seeks damages for the illegal conversion of his vehicle.

4. Plaintiff seeks statutory damages, punitive damages and actual damages, as well as attorneys fees and costs.

**PARTIES**

5. Plaintiff is a natural person and a resident of Batesburg, South Carolina and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

6. Defendant ASSOCIATES ASSET RECOVERY, LLC (hereinafter referred to as "Associates Recovery"), is a repossession company, with its place of business in South Carolina.

7. Upon information and belief, Defendant Associates Recovery is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

8. For purposes of Plaintiff's claim under 15 U.S.C. § 1692f(6), Defendant Associates Recovery is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

9. Defendant Westlake Portfolio Management, LLC ("Westlake") is an auto loan servicer, headquartered in Los Angeles, California.

10. Defendant AMERICAN RECOVERY SERVICE, a wholly owned subsidiary of the Patrick K. Willis Company, Inc. (hereinafter referred to as "ARS"), is a corporation that specializes in nationwide recovery management, skip tracing and impound services on behalf of lenders and creditors, with its headquarters in Sacramento, California, and which also does business as Skipbusters.

11. Upon information and belief, Defendant ARS is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

12. For purposes of Plaintiff's claim under 15 U.S.C. § 1692f(6), Defendant ARS is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6)

## ALLEGATIONS OF FACT

13. Plaintiff repeats, reiterates and incorporates the allegations contained in the above paragraphs with the same force and effect as if the same were set forth at length herein.

14. The Plaintiff owns a 2019 Jeep Renegade Sport (hereinafter "the Vehicle"), which she purchased from You're Approved Auto Sales in Columbia, South Carolina.

15. The Plaintiff financed the purchase of the Vehicle through an auto loan from Credit Acceptance Corp. (hereinafter "Credit Acceptance").

16. The Plaintiff is not behind on her auto loan with Credit Acceptance.

17. Other than the Credit Acceptance auto loan, the Plaintiff does not have any loans or liens encumbering the title of the Vehicle.

18. While owned by the Plaintiff, the Vehicle has always had a clean title and no liens recorded against the title, other than the Credit Acceptance auto loan.

19. Other than the Credit Acceptance auto loan, Plaintiff has never been aware of any liens or financing secured by the Vehicle.

20. Upon information and belief, however, and unbeknownst to Plaintiff, Defendant Westlake claims that it has a security interest in the Jeep, and that it is owed money on an auto loan.

21. The debt claimed to be owed by Westlake is a consumer 'debt', as that term is 15

U.S.C. § 1692a(5).

22. As a result, Westlake contracted with Defendant ARS to repossess the Plaintiff's vehicle.

23. Upon information and belief, ARS does not perform any repossessions itself in South Carolina, but contracts with repossession companies in all 50 states to carry out the actual repossessions, a fact which was known to Westlake.

24. Upon information and belief, after being contracted by Westlake to repossess the Plaintiff's vehicle, ARS arranged for Defendant Associates Recovery to carry out the actual repossession.

25. On August 26, 2024, at or around 11:30 a.m., the Plaintiff exited her workplace located in Columbia, South Carolina only to discover that her vehicle was gone.

26. Believing the Vehicle to be stolen, the Plaintiff called the police at or around 5:00 p.m. to report the Vehicle as stolen.

27. The police advised the Plaintiff that the car had been repossessed by Defendant Associates Recovery.

28. The police further advised the Plaintiff that the Vehicle was repossessed under the name of an individual other than that of Plaintiff.

29. Subsequently, the Plaintiff called Associates Recovery on multiple occasions to coordinate the pickup of her vehicle and the possessions contained therein.

30. On or about August 27, 2024, the Plaintiff recovered her wallet from Associates Recovery.

31. The Plaintiff subsequently regained possession of the Jeep after a period of time.

32. At this time, Plaintiff realized that her legally owned personal firearm had been

4

stolen from the Vehicle.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f** *et seq.*
**(Against Associates Recovery and ARS)**

33. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

34. Plaintiff brings this Count against Defendants Associates Recovery and ARS.

35. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

36. Section 1692f(6) of the FDCPA specifically prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

(A)  there is no present right to possession of the property claimed as collateral through an enforceable security interest; or

(C)  the property is exempt by law from such dispossession or disablement.

37. At the time of the repossession, none of the Defendants had an enforceable security interest in the Plaintiff's vehicle, but they seized the vehicle anyway and then held that vehicle even after they were alerted that they had no right to take the vehicle.

38. Furthermore, because the Defendants did not have an enforceable security interest in the Vehicle, the Vehicle was clearly exempt by law from dispossession.

39. As a result, Defendants Associates Recovery and ARS violated 15 USC § 1692f(6) when they repossessed the Plaintiff's vehicle.

40. By illegally repossessing the Plaintiff's vehicle in violation of the FDCPA, Defendants harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection

activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

41. By illegally repossessing the Plaintiff's vehicle in violation of the FDCPA, Defendants harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

42. By reason thereof, Defendants ARS and Associates Recovery are liable to the Plaintiff for judgment that Defendants' conduct violated 15 USC §1692f, statutory damages, actual damages, costs and attorneys' fees.

## COUNT II

**UNLAWFUL REPOSSESSION**
**S.C. Code Ann. § 36-9-601** *et seq.*
**(Against All Defendants)**

43. The Plaintiff repeats and re alleges the preceding paragraphs of this Complaint and incorporates the same herein.

44. South Carolina only permits self-help repossession of consumer motor vehicles only after default, and only where the lender has an enforceable security interest. S.C. Code Ann. § 36-9-601, S.C. Code Ann. § 36-9-609, S.C. Code Ann. § 36-9-610.

45. At the time of the repossession, the Defendants did not have an enforceable security interest in the Plaintiff's vehicle, but they seized the vehicle anyway and then held that vehicle for a period of time, even after they were alerted that they had no right to take the vehicle.

46. As a direct and proximate result of the Defendants' illegal repossession, Plaintiff suffered damages, including the loss of use of the vehicle and the possessions contained therein,

the loss of her legally owned firearm, as well as mental and emotional harm including frustration and embarrassment.

47. By illegally repossessing the Plaintiff's vehicle in violation of the UCC, Defendants harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and in subjecting Plaintiff to unfair and unconscionable means to collect a debt.

48. Defendants' illegal activity also harmed the Plaintiff by causing her to suffer anger, anxiety, emotional distress, frustration and embarrassment, by causing her to waste time and effort in trying to regain possession of the vehicle and by depriving her of the use of her vehicle and the possessions contained therein.

## COUNT III

### CONVERSION
### (Against All Defendants)

49. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

50. As set forth above, the Defendants wrongfully repossessed the Plaintiff's vehicle even though they had no enforceable security interest in the vehicle and Plaintiff was instead entitled to the present use of her own vehicle and the possessions contained therein.

51. The Defendants then held Plaintiff's vehicle and the possessions contained therein for a period of time, thereby exercising control over the Plaintiff's property.

52. Defendants' conversion of Plaintiff's vehicle harmed Plaintiff, by literally stealing and holding her vehicle and the possessions contained therein. Defendants further harmed the

7

Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, in depriving her of the use of her vehicle and the possessions contained therein, in causing Plaintiff to waste time in trying to recover her vehicle, and by subjecting her to unfair and unconscionable means to collect a debt.

53. Defendants' illegal activity also harmed the Plaintiff by causing her to suffer actual damages, including deprivation of her legally owned firearm, anger, anxiety, emotional distress, frustration and embarrassment.

54. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants wrongfully converted the Plaintiff's vehicle and personal possessions, actual damages, punitive damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

55. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) awarding Plaintiff Her actual damages incurred, as well as punitive damages;

(b) awarding the Plaintiff statutory damages, along with the attorneys' fees and expenses incurred in bringing this action;

(c) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff such other and further relief as this Court may deem just and proper.

8

Dated: April 8, 2025

/s/ Spencer Andrew Syrett
Spencer Andrew Syrett, Esq.
Federal Bar ID # 4408
SC Bar ID # 5459
712 Richland Street, Suite E
Columbia, SC 29201
Tel: (803) 765-2110
Email: syrettlaw@sc.rr.com
*Local Counsel for Plaintiffs*

Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
yzelman@marcuszelman.com
*Pro Hac Vice To Be Filed*
*Attorneys for Plaintiffs*